UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $31,660.00 IN U.S. CURRENCY, | § | |
| Defendant | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against approximately $31,660.00 in United States currency, Defendant in rem, and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 31 U.S.C. §5317(c)(2).

*Defendant in Rem*

2. Defendant in rem is approximately $31,660.00 in United States currency that was seized at the George Bush Intercontinental Airport in Houston, Texas from Imran Khan and Farida Khan on November 22, 2009.

*Jurisdiction and Venue*

3. This Court has jurisdiction under 28 U.S.C. §1355 because this is an action for forfeiture.

4. Venue is proper in this Court under 28 U.S.C. §§ 1355 and 1395(a) and (b) because the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, the property was found and is located in the Southern District of Texas, and this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

5. The Defendant in rem is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) which provides that any property involved in violations of 31 U.S.C. § 5316 may be forfeited to the United States. Under 31 U.S.C. § 5316(a)(1)(A), a person shall file a report when the person knowingly transports, is about to transport, or has transported a monetary instrument of more than $10,000 from a place in the United States to or through a place outside the United States. United States currency is a monetary instrument under 31 U.S.C. §5312(a)(3)(A).

*Facts*

6. On November 22, 2009, Imran Khan, Farida Khan, and their family were attempting to leave the United States aboard Emirates Airlines flight #212 en route

to Dubai. A United States Customs and Border Protection Officer (CBP Officer) approached Mr. Khan on the jetway and asked him if he and his family of four were transporting more than $10,000.00 out of the country. Mr. Khan verbally told the officer that he was transporting $10,000.00. Also, he stated in writing that he was transporting $10,000.00 on the CBP Publication 503. This publication included the warning that "It is legal to transport any amount of currency or other monetary instruments into or out of the United States."

7. CBP Officers conducted an examination of Mr. and Mrs. Khan's baggage, jacket, purse and carry-on luggage. The officers found that the Khans were in possession of $28,728.00. During an additional examination of their luggage, the officers found an additional $2,500.00 in their checked luggage and $1,000.00 in Mrs. Khan's jacket. In total the Khans were attempting to take $32,028.00 out of the United States. CBP Officers seized $31,660.00 for forfeiture.

*Notice to Any Potential Claimant*

8. You are hereby notified if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim

must be filed no later than 35 days from the date this complaint is sent in accordance with 18 U.S.C. § 983 and Rule G(4)(b).

9. An answer or motion under FED.R.CIV.P. 12 must be filed no later than 20 days after filing the claim. The claim and answer must be filed with the United States District Court for the Southern District of Texas and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this complaint.

*Relief Requested*

10. Plaintiff requests:

    A.    Arrest warrants and summons, citing all persons having an interest in the Defendant property to appear on the return day of process by filing a claim and answer pursuant to Rule G(5), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or as ordered by this Court;

    B.    A judgment of forfeiture to the United States against the Defendant in rem; and

    C.    Costs and other relief to which the Plaintiff may be entitled.

Dated: December 21, 2009.

        Respectfully submitted,

        Tim Johnson
        United States Attorney

        By: /s/ Albert Ratliff

Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129, Houston, Texas  77208
E-mail albert.ratliff@usdoj.gov
Office (713) 567-9579, Fax (713) 718-3300

## VERIFICATION

I, Deanna Overholt, Senior Special Agent, United States Immigration and Customs Enforcement, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief.

Executed on December 21, 2009.

_Deanna Overholt_
Deanna Overholt, Senior Special Agent
U. S. Immigration and Customs Enforcement