UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-4069 |
| | § | |
| $31,660.00 IN U.S. CURRENCY, | § | |
| Defendant | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

I.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Albert Ratliff, Assistant U.S. Attorney, for the Plaintiff and Robert A. McAllister, Jr., Attorney for the Claimants met by telephone on March 10, 2010.

II. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

III. <u>Briefly</u> describe what this case is about.

   The United States is seeking to forfeit $31,660.00 because these funds were involved in a violation of 31 U.S.C. § 5316(a)(1)(A) (a failure to report an attempt to export monetary instruments).

IV. Specify the allegation of federal jurisdiction.

This Court has jurisdiction under 28 U.S.C. §1355 because this is an action for forfeiture.

Venue is proper in this Court under 28 U.S.C. §§ 1355 and 1395(a) and (b) because the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, the property was found and is located in the Southern District of Texas, and this forfeiture action accrued in the Southern District of Texas.

V. Name the parties who disagree and the reasons.

VI. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None.

VII. List anticipated interventions.

None.

VIII. Describe class-action issues.

None.

IX. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties will complete their initial disclosures by April 30. Because this is a civil forfeiture case, it is exempt from the Rule 26(f) conference requirement pursuant to Fed. R. Civ. P. 26(a)(1)(B)(ii) and 26(f)(1).

X. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

       By April 30, 2010.

B.     When and to whom the plaintiff anticipates it may send interrogatories.

       By May 30, 2010, Claimants.

C.     When and to whom the defendant anticipates it may send interrogatories.

       By June 30, 2010, Plaintiff.

D.     Of whom and by when the plaintiff anticipates taking oral depositions.

       The Plaintiff plans to take the Claimants' deposition by July 30, 2010.

E.     Of whom and by when the defendant anticipates taking oral depositions.

The Claimants plans to take the deposition of the Customs and Border Protection Officers by September 1, 2010.

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

       Plaintiff's designation of expert by May 15, 2010.

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

       None at this time

H.     List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

       None at this time

XI. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Not applicable.

XII. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

XIII. State the date the planned discovery can reasonably be completed.

October 30, 2010.

XIV. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Unknown at this time.

XV. Describe what each party has done or agreed to do to bring about a prompt resolution.

Parties have had tentative settlement discussions.

XVI. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

None at this time.

XVII. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Parties request a trial by the District Judge.

XVIII. State whether a jury demand has been made and if it was made on time.

Claimants have made a timely demand for a jury trial.

XIX. Specify the number of hours it will take to present the evidence in this case.

Fifteen hours

XX. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None.

XXI. List other motions pending.

None.

XXII. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None.

XXIII. List the names, bar numbers, addresses and telephone numbers of all counsel.

Counsel for Plaintiff					Date: March 10, 2010
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129
Houston, Texas  77208
Office (713) 567-9579
E-mail albert.ratliff@usdoj.gov


Counsel for Claimants					Date: March 10, 2010
Robert A McAllister, Jr.

Counsel for Claimants  
Robert A. McAllister, Jr.  
Attorney at Law  
Texas Bar No. 13320700  
SDTX Bar No. 6893  
6200 Savoy, Suite 630  
Houston, TX 77036  
713-776-0900  
Fax: 713-776-1414  
Email: rmcallis@flash.net  

Date: March 10, 2010

Respectfully submitted,

/s/ Albert Ratliff  
Albert Ratliff  
Assistant U.S. Attorney

Robert A McAllister, Jr., Esq.  
Counsel for Claimants